BELLMAN & SANFORD v. THACHER.

(Supreme Court, Appellate Division, Third Department. May 28, 1912.)

1. PRINCIPAL AND AGENT (§ 84*)—CONTRACTS—ADVANCEMENTS—PURPOSE.

Where a contract whereby a corporation agreed to act as selling agent provided that the other party would "advance" $50 a week for expenses, and that "so much as may have been advanced on the expense account" should be retained out of the commissions earned, the payments to be made were merely advancements to be later accounted for by the agent, and were not payments toward the maintenance of an office for the agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 221; Dec. Dig. § 84.*]

2. CONTRACTS (§ 155*)—CONSTRUCTION.

A contract will be construed most strongly against the party by whom it was drawn.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 736; Dec. Dig. § 155.*]

3. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—EVIDENCE.

Where, in an action on a contract of agency providing for weekly advancements to the agent for expenses, the rights of the parties had become fixed by the termination of the contract long before the commencement of the action, and the expenses actually incurred were only a small sum and were taken care of by advancements paid, the admission of testimony as to a parol stipulation that the advancements to be paid were intended to cover the salary and expenses of a traveling salesman was harmless error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

4. COURTS (§ 190*)—CITY COURTS—APPEAL—REVIEW—HARMLESS ERROR—STATUTORY PROVISIONS.

And under Laws 1910, c. 603, § 301, relating to the city court of Albany, which provides that the appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits, the parol testimony in question was properly disregarded on an appeal from the City Court to the County Court, though it may have been erroneously admitted.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. §§ 103, 3379½.]

Kellogg, J., dissenting.

Appeal from Albany County Court.

Action by Bellman & Sanford against George H. Thacher. From a judgment of the County Court affirming a judgment of the City Court dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

George R. Donnan, of Troy (Louis F. O'Neil, of Troy, of counsel), for appellant.

John A. Delehanty, of Albany, for respondent.

LYON, J. [1] In April, 1909, the plaintiff, a domestic corporation, entered into a contract with the defendant, whereby the plaintiff agreed to act as selling agent of the defendant at the compensa-

tion of 15 per cent. of the gross amount of all sales up to the sum of $17,500, and of 10 per cent. of all sales in excess of that sum, 50 per cent. of the commissions to become due and payable when the orders were accepted by the defendant, and the balance when three-fourths of the contract price had been paid. By the contract the defendant agreed "to advance the sum of $50 each week on the first day of the week for expenses," the defendant "to retain out of the first $2,650 of commissions so much as may have been advanced on the expense account above specified." On May 4, 1909, defendant advanced to plaintiff $50 for each of the two weeks ending May 3d and 10th, but refused to make any further advances. The contract was duly terminated by the defendant on or about July 10, 1909. This action was brought in December, 1909, to recover $50 per week for each week during the existence of the contract, excepting for the two weeks in May for which the advance of $50 per week was made as above stated.

It is the contention of the plaintiff that the weekly sum was to be sent by defendant to plaintiff for the maintenance of the office and to defray the other expenses of the agency, while it is the claim of the defendant that such weekly sum was merely an advancement to be later accounted for by plaintiff to defendant. I think the defendant's position is correct.

[2] The contract, which was drawn by the plaintiff's president, and hence is to be construed more strongly against him, uses the word "advance," and not the word "payment," and provides for the repayment to defendant out of commissions of "so much as may have been advanced on the expense account above specified." Further proof that these weekly sums were to be considered as mere advancements is found in the letters of plaintiff to defendant of dates April 10 and May 24, 1909. During the whole period of the contract, the plaintiff occupied as an office the single room in the city of New York which it had occupied for years before, and which it was still occupying at the time of the trial. Its office force consisted simply of Bellman, the plaintiff's president, and a young lady stenographer. The catalogues and stationery of the agency were furnished by the defendant. The only sale made by the plaintiff during the term of the agency amounted to $15, and consisted in supplying a superheater to replace one which had been burned out.

[3, 4] It is unnecessary to consider whether it was error to admit the testimony as to the oral stipulation between the parties, as plaintiff under this contract can in any event only recover for the expenses actually incurred, which, while the plaintiff has not seen fit to prove the exact amount thereof, amounted to a very small sum, for which the $100 has been full reimbursement. The rights of the parties became fixed by the termination of the contract long before the commencement of the action, and the plaintiff, having suffered no damages, is entitled to no recovery. B., E. & C. R. R. Co. v. N. Y., L. E. & W. R. R. Co., 123 N. Y. 316, 25 N. E. 499, 11 L. R. A. 116. If, however, the admission of such oral testimony be deemed error, the same was properly disregarded by the County Court. Section

301, c. 603, Laws of 1910, relating to the City Court of Albany, provided:

"The Appellate Court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits."

This provision is very similar to that of section 3063 of the Code of Civil Procedure, under which the decisions have gone equally far.

For the reasons above stated, I think the decision of the Albany County Court affirming the judgment of the Albany City Court was right, and should be affirmed, with costs.

Judgment affirmed, with costs.

JOHN M. KELLOGG, J. (dissenting). The agreement purports to be complete in itself and to contain the mutual covenants of the parties. Fairly construed, the plaintiff undertook to act as exclusive selling agent for the defendant in the parts of the five states named in the contract, and to maintain for that business in the city of New York an office for the transaction of such business, and to give attention to such inquiries within the territory which the defendant might turn over to it. To maintain an office for the headquarters of its business in New York City would naturally entail upon the defendant a large expense for rent, attendance, clerk hire, and otherwise. Under this agreement, it was furnished an office and was to have all the other benefits, with a sole expense of $50 a week. It is true the plaintiff maintained an office for its other business. Under the agreement, it might conduct the defendant's business from this office or another office, and, so long as proper office facilities were furnished, the defendant could not complain. If the plaintiff discontinued its other business, or wished to abandon the New York office, it must nevertheless, during the continuance of this agreement, maintain an office for the transaction of the defendant's business. No matter how large the business became, or what expenses were connected with it, the $50 was the limit of liability on the part of the defendant. If the expenses proved in fact to be over $50 a month, the limit was favorable to the defendant. If they were less than that sum, the advantage was with the plaintiff. It was undoubtedly understood that, if the business became large, the commissions would take care of the extra expenses. It is evident that the plaintiff was not entitled to the $50 per week unless it entered upon and undertook in good faith the performance of the agreement. If it did that, the fact that the result of the business done was unsatisfactory is no defense to the action, but might be a good reason for terminating the contract under the provision therefor.

There is no reason why the defendant should not be charged with some expense on account of the maintenance of the office in New York, and, if the defendant's business had the advantage of the plaintiff's office, there is no reason why the parties should not contemplate that some allowance might be made therefor. In addition to the provision as to maintaining the office, there must necessarily be postage, traveling expenses, and other expenses if the plaintiff performed the

spirit of the agreement, and faithfully acted as exclusive selling agent in the territory designated. It appears that the plaintiff's manager did make personal canvass for business in New Jersey, Connecticut, and in New York City, and elsewhere through correspondence. It cannot be said that within the four corners of the agreement nothing is found which indicates what expenses the $50 per week was to cover. It evidently was to cover all expenses with reference to maintaining the office, clerk hire, postage, traveling expenses, and every other expense incident to the business.

I think it cannot be shown by parol evidence that, in addition to the things which the contract provides that the plaintiff shall do, it was to put a salesman upon the road, and that the $50 expenses was intended to cover the salary and expenses of the salesman. A fair reading of the contract shows that the $50 was to cover all expenses which might be incurred as agent, including the maintenance of the office. The rule covering this case is I think fairly stated in Wigmore on Evidence, which is approved in Lese v. Lamprecht, 196 N. Y. 32, 37, 89 N. E. 365, 367:

"In deciding upon this intent, the chief and most satisfactory index for the judge is found in the circumstance whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation. This test is the one used by the most careful judges, and is in contrast with the looser and incorrect inquiry whether the alleged extrinsic negotiation contradicts the terms of the writing."

The contract foreshadows several things which were intended by the parties to be covered by the $50 expenses, and I think, therefore, it was incompetent to show by parol that plaintiff was to employ a salesman and that the $50 was intended to cover his salary and expenses. I therefore favor a reversal of the judgment.